# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VICKIE LEAVITT DURAN, | Case No.: 2:21-cv-00582-APG-BNW |
| Petitioner, | **Order Denying Request for Evidentiary Hearing and Dismissing Action** |
| v. | [ECF Nos. 10, 11] |
| NEVADA DIVISION OF PAROLE AND PROBATION, et al., | |
| Respondents. | |

This is a habeas corpus action under 28 U.S.C. § 2254. Previously, I dismissed two grounds because they lacked merit, determined that the action was untimely, determined that petitioner Vickie Duran had not demonstrated actual innocence, and directed her to show cause why I should not dismiss the action as untimely. Duran has filed a response to order to show cause[1] and a request for evidentiary hearing.[2] Duran has not persuaded me to not dismiss the action, so I will dismiss it as untimely. With that dismissal, I will deny the request for evidentiary hearing.

## I.    Discussion

### A.    Duran has not demonstrated actual innocence.

Duran argues again that she is actually innocent. She does not add any new evidence beyond what she alleged in her petition, and I see no reason to revisit my earlier decision.

---

[1] ECF No. 10.

[2] ECF No. 11. The response and the request actually are one document with two separate docket entries.

**B.    I dismiss ground 1.**

Duran argues that I dismissed ground 1 erroneously because it is not a free-standing claim of actual innocence.  Instead, she argues, it claims violations of her rights to due process and a fair trial because the prosecution used false evidence to secure wrongful convictions on all three counts.  I disagree.

Duran started ground 1 with "Actual Innocence of all three felony convictions will be conclusively PROVEN by irrefutable scientific and physical evidence . . . ."[3]  She then cites to *McQuiggin v. Perkins*,[4] which held that a demonstration of actual innocence may excuse the dismissal of a federal habeas corpus petition as untimely.  Then she states that the case is "BEYOND a GRAVE MISCARRIAGE OF JUSTICE," which is the phrase commonly associated with an argument for actual innocence to excuse a procedural default or an untimely petition.[5]  In short, all of Duran's statements point to a free-standing claim of actual innocence, and none of them points to a claim of violations of her rights to due process and a fair trial. If I was not dismissing this action as untimely, I might give Duran leave to amend the ground to restate it as a constitutional claim of due process and a fair trial, and not as a free-standing claim of actual innocence.  But I am dismissing this action as untimely, and a newly restated ground 1 still would be untimely.  Thus, amendment of this ground would be meaningless.

**C.    I dismiss ground 3.**

I dismissed ground 3 because it appeared to contain a claim of errors in the state post-conviction habeas corpus proceedings and a claim of ineffective assistance of post-conviction

---

[3] ECF No. 8 at 3.

[4] 569 U.S. 383, 386-87 (2013).

[5] ECF No. 8 at 3.

counsel.  The former is not addressable in federal habeas corpus,[6] and Duran does not have a right to counsel, let alone effective assistance of counsel, in state post-conviction proceedings.[7] Duran argues that she alleged ground 3 only to demonstrate how the state court decisions related to ground 2 were unreasonable.[8]  This would not change my decision to dismiss ground 3.  Moreover, I am dismissing this action as untimely, so restoration of ground 3 would be meaningless.

**D.     The one-year limitation period expired.**

Duran argues that the one-year limitation period of 28 U.S.C. § 2244(d)(1)(A) never expired because the proceedings on her March 21, 2014 motion to vacate never concluded.  She contends the state district court orally denied the motion on April 22, 2014, but that court never entered a written order denying the motion.  In theory, that would make the appeal, order of affirmance, and remittitur issued on October 17, 2014 of no effect, but Duran does not state this explicitly.

Duran is wrong.  The docket for her appeal to the Supreme Court of Nevada, Case No. 65812, is online.[9]  The second docket entry, titled "Notice of Appeal Documents," contains a copy of the written order denying the motion, filed on May 13, 2014.  Furthermore, Duran wrote in the *pro se* notice of appeal form that she was appealing the "order denying motion to vacate JOC dated 5/13/14," and she signed the notice of appeal herself, so she knew then that a written

---

[6] *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989).

[7] *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)).

[8] ECF No. 11 at 4-5.

[9] https://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=34009 (last visited March 19, 2022).

1  order existed.  The tolling under 28 U.S.C. § 2244(d)(2) for the time spent on the motion to

2  vacate thus ended as I stated originally, on October 17, 2014.

3        **E.**     **Duran has not shown that equitable tolling is warranted.**

4        Section 2244(d) is subject to equitable tolling.[10]  "[A] petitioner is entitled to equitable

5  tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some

6  extraordinary circumstance stood in his way and prevented timely filing."[11]  Equitable tolling

7  does not stop the limitation clock the way that statutory tolling does.  "First, for a litigant to

8  demonstrate he has been pursuing his rights diligently, . . . and thus satisfies the first element

9  required for equitable tolling, he must show that he has been reasonably diligent in pursuing his

10  rights not only while an impediment to filing caused by an extraordinary circumstance existed,

11  but before and after as well, up to the time of filing his claim in federal court."[12]  "[I]t is not

12  enough for a petitioner seeking an exercise of equitable tolling to attempt diligently to remedy

13  his extraordinary circumstances; when free from the extraordinary circumstance, he must also be

14  diligent in actively pursuing his rights."[13]  "Second, and relatedly, it is only when an

15  extraordinary circumstance prevented a petitioner acting with reasonable diligence from making

16  a timely filing that equitable tolling may be the proper remedy."[14]

17        Duran argues that she "could not file anything while incarcerated as the state was

18  refusing to transport her to hearings as well as State lying in its oppositions to her motions,

19

20

---

21  [10] *Holland v. Florida*, 560 U.S. 631, 645 (2010).

22  [11] *Id*. at 649 (internal citations and quotations omitted).

22  [12] *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir.) (en banc), *cert. denied*, 141 S. Ct. 878 (2020).

23  [13] *Id.* at 599.

  [14] *Id.*

4

therefore making all of anything she filed FUTILE."[15]  There is a difference between being unable to file anything and not receiving the desired outcome of the filings.  Duran could, and did, file multiple motions and petitions in the state courts from June 2012 through June 2015, while she still had time to file a habeas corpus petition in federal court.  No extraordinary circumstance prevented her from filing a federal petition.

Duran also does not explain why she did not file her federal habeas corpus petition until April 2021.  She was released on parole on October 16, 2017.[16]  Even if the state somehow prevented her from filing a federal petition while she was able to file state petitions, all that ended on the date of her release.  She still waited three-and-a-half years to file her federal petition.  She filed a state habeas corpus petition during that time, on September 18, 2018.[17]  But even if she thought that that petition could toll a long-expired federal period of limitations (it did not),[18] it still took more than a year from the issuance of the remittitur on March 9, 2020[19] until this court received the federal petition on April 8, 2020.  Duran has not demonstrated the diligence needed for me to find that equitable tolling is warranted.

**F.    I deny the request for an evidentiary hearing.**

No evidentiary hearing is necessary for the issues at hand.  I deny Duran's request for an evidentiary hearing.

---

[15] ECF No. 11 at 11 (emphasis in original).

[16] ECF No. 11 at 11.

[17] ECF No. 8 at 76.

[18] *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

[19] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=54449&combined=true (last visited March 19, 2022).

### G. Certificate of appealability

Reasonable jurists would not find my determinations to be debatable or wrong.  I will not issue a certificate of appealability.

## II. Conclusion

I THEREFORE ORDER that Duran's request for an evidentiary hearing **(ECF No. 11) is DENIED**.

I FURTHER ORDER that this action is **DISMISSED** with prejudice as untimely.  The clerk of the court is directed to enter judgment accordingly and to close this action.

I FURTHER ORDER that a certificate of appealability will not issue.

DATED this 29th day of March, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE